# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Ismail Saleh,
      Plaintiff

   vs                                                Case No. C-1-05-521
                                                           (Dlott, J)

Mark Hansen, et. al.,
        Defendants

## REPORT AND RECOMMENDATION
## and
## ORDER

      This matter is before the Court on Defendants' Motion to Dismiss (Doc. 3), Plaintiff's Reply to Defendants' Motion to Dismiss (Doc. 6), Defendants' Reply Memorandum, Plaintiff's Response to Defendants' Reply Memorandum (Doc. 8). Also before the Court is Defendants' Motion to Strike Plaintiff's Memorandum (Doc. 9).

      As an initial matter, Defendants move this Court for an order striking Plaintiff's Memorandum in response to Defendants' Reply Memorandum. This Court's local rules allow for the filing of a memorandum in support of a party's motion, a memorandum in opposition and a reply memorandum. S.D. Ohio Civ. R. 7.2(a)(1)& (2). Pursuant to Ohio Civ. R. P. 7.2(a)(2), "[n]o additional memoranda beyond those enumerated will be permitted, except upon leave of the court for good cause shown." Plaintiff did not seek leave of the Court to file his Memorandum in Response to Defendants' Reply Memorandum. However, as we find Plaintiff's supplemental memorandum helpful to clarify questionable points in Defendants' Reply memorandum, we will permit the filing. As such, Defendants' Motion to Strike Plaintiff's Memorandum (Doc. 9) is hereby DENIED.

## BACKGROUND

Plaintiff, a citizen of Jordan, entered the United States on or about September 12, 1990 via a B-2 Visitor Visa. (Doc. 1, Complaint at ¶ 2, 7). On October 12, 1994, Plaintiff's father, a lawful permanent resident of the United States, filed an I-130 Petition for Resident Alien on behalf of Plaintiff. (Id.). This petition was approved on March 13, 1995. (Id.). Plaintiff then filed a Form I-485 to adjust his status to that of lawful permanent resident on May 22, 2003, with the Cincinnati Office of the United States Immigration and Naturalization Service which is now known as the U.S. Citizenship and Immigration Service. (Id.). Plaintiff was interviewed concerning this application on March 29, 2004 at the Cincinnati Office of the U.S. Citizenship and Immigration Service. (Id.). Plaintiff brings this action in mandamus seeking to compel action on his application for lawful permanent resident status. Plaintiff alleges that Defendants have "improperly withheld action" on the application to Plaintiff's detriment. Plaintiff claims that he has exhausted all administrative remedies because he has made numerous inquiries as to the status of his application. Plaintiff contends that because of the delay with respect to his application, he has been forced to "repeatedly reapply and pay for extensions of employment authorization" causing him great inconvenience.

## OPINION

Rule 12(b)(1) motions to dismiss based on subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In a facial attack, the basis of the challenge is that Plaintiff has failed to "faithfully recite all the jurisdictional predicates necessary for the Court to exercise subject matter jurisdiction over the matter." *Dalton v. Jefferson Smurfit Corporation,* 979 F. Supp. 1187, 1193 (S.D. Ohio 1997)(Dlott, J.). In reviewing such a facial attack, the court takes the allegations in the complaint as true. On the other hand, a factual attack challenges the factual existence of subject matter jurisdiction rather than the sufficiency of the pleadings' allegations. *Ohio National Life Insurance Company v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *Ritchie*, 15 F.3d at 598. The Court is free to rely on affidavits or any other evidence to satisfy itself as to the existence of its power to hear the case. *Id.*;

*see also Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

28 U.S.C. § 1361 provides that, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency therefor to perform a duty owed to the plaintiff." To establish mandamus jurisdiction, a petitioner must establish that: 1) he has a clear right to relief; 2) the defendant has a clear, non-discretionary duty to act; and 3) there is no other adequate remedy available. *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995).

Defendants argue that the Court lacks jurisdiction because Plaintiff has an alternative means to obtain lawful permanent resident status through the pending administrative process. Specifically, Defendants argue that Plaintiff's alternative avenue of relief is to "wait in line with the other individuals awaiting adjustment of status cases . . . ." Unfortunately, some district courts in other jurisdictions have held that requiring a mandamus petitioner to wait until their case is adjudicated does not constitute an alternative means of relief. *See Iddir v. I.N.S.*, 166 F. Supp.2d 1250, 1258 ("Waiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act.") (quoting *Fu v. Reno*, No. CIV.A. 3:99-CV-0981, 2000 WL 1644490 at *3 (N.D. Tex. 2000)). We agree. Such a requirement would indeed negate the purpose of a mandamus action. As such, Defendants' argument on this point is not well taken.

Defendants also argue that mandamus jurisdiction does not exist because Plaintiff does not have a clear right to the relief he seeks. Defendants contend that Plaintiff is not entitled to lawful permanent resident status while the background checks remain pending and that there is no statute or regulation which imposes a time deadline upon the agency for the processing of adjustment of status applications. However, as Plaintiff points out, Plaintiff is not requesting that the Court compel Defendants to approve his application for adjustment of status, but rather to compel Defendants to make a decision on the application one way or another. Moreover, while there is no statute or regulation setting forth a specific

3

deadline for processing adjustment of status applications, courts have held that the USCIS is required to process applications for adjustment of status within a reasonable time. *Roudnahal v. Ridge*, 310 F. Supp.2d 884, 893 (N.D. Ohio 2003)(citing *Paunescu v. INS*, 76 F. Supp.2d 896, 901 (N.D. Ill. 1999); *see also Yu v. Brown*, 36 F. Supp.2d 922, 933-34 (D. New Mexico 1999)(INS "owe[s] Plaintiffs a non-discretionary duty to complete processing of Plaintiffs' [LPR] applications in a reasonable time.").

Defendants also argue that the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et. seq., is inapplicable because Plaintiff's administrative action is not "final" within the meaning of 5 U.S.C. § 704. *See National Parks Conservation Assoc. v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003). Defendants contend that, because they are actively processing Plaintiff's application along with many others, the Court is not confronted with reviewable administrative inaction. *Id.* at 1240. However, as the Court noted in *Yu*, Plaintiff has a "legally enforceable right to the *completion* of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." *Yu*, 36 F. Supp.2d at 928 (emphasis added)(citing *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998)); *see also Deering Milliken, Inc. v. Johnston*, 295 F.2d 856, 861 (4th Cir. 1961). As such, we find Defendants' argument on this point to be without merit.

Plaintiff has specifically alleged that Defendant has unreasonably delayed the adjudication of his application. (*See* Doc. 1, at ¶ 12). Defendants further argue that Plaintiff's three-year wait since the filing of his application is not unreasonable. Defendants contend, and Plaintiff concurs, that "what constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of a particular case." *See Yu*, 36 F. Supp.2d at 935. As an example, Defendants refer this Court to the monthly Visa Bulletin for August 2005 wherein it states that the spouse of a lawful permanent resident from Mexico must currently wait almost 7 years before he or she can adjust status due to the quota backlogs. (Doc. 7 at p. 2). We find Defendants argument to be misplaced as the example cited pertains to the current waiting period for the family-based visa, a visa which Plaintiff received prior to filing for his adjustment of status. Moreover, Defendants offer no valid reason for the delay but to simply state that the background checks have not been completed and that Plaintiff's fingerprint document is not current and will need to be updated. We find this to be unacceptable in order to establish the reasonableness of Defendants' conduct,

4

especially in light of the applications filed subsequent to Plaintiff's which have been finally adjudicated while Plaintiff's application remains pending. (*See* Doc. 9, Ex. B). Furthermore, contrary to Defendants' assertions, the declarations of Julie Carson, the Supervisory District Adjudications Officer of Cincinnati, Ohio office for USCIS, do not indicate that Plaintiff's fingerprint document must be updated. (*See* Docs. 3, Declaration of Julie Carson, attached; Doc. 7, Second Declaration of Julie Carson, attached). Indeed, Ms. Carson's declarations offer nothing but a general statement that there has been no final resolution regarding Plaintiff's background checks without affording a specific reason for such. (Id.). We find such evidence to be insufficient to establish that the Court is without jurisdiction in mandamus or under the APA.

Finally, Defendants offers the equitable argument that granting a writ of mandamus would have negative repercussions by unfairly allowing Plaintiff to "cut in line" and opening the floodgates for immigration related mandamus actions. We see no such dilemma. According to Defendants, "no two cases present the same factors and no two applications the same history." Thus, unless the USCIS makes it a practice to delay decisions on adjustment of status applications for three years without a valid explanation, Plaintiff's case should not be the first link in a chain of immigration mandamus actions. Moreover, after a wait of nearly three years, we find it a bit incongruous to argue that granting Plaintiff's mandamus petition would be tantamount to allowing him to "cut in line." Plaintiff has been "in line" for three years and unfortunately, it appears that it is the other applicants who have been permitted to "jump the line." Thus, we find Defendants' equitable argument does not support their contention that this Court is without jurisdiction in mandamus or under the APA.

For the reasons stated above, we recommend that Defendants' Motion to Dismiss (Doc. 3) be DENIED.

## IT IS THEREFORE ORDERED THAT:

1) Defendants' Motion to Strike Plaintiff's Memorandum (Doc. 9) is

5

hereby DENIED.

## IT IS THEREFORE RECOMMENDED THAT:

1) Defendants' Motion to Dismiss (Doc. 3) be DENIED.


Date:   7/5/2006             s/Timothy S. Hogan
                            Timothy S. Hogan
                            United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\MTNDISM\saleh.mtd.wpd